**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JAMAL BRACEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No.: 23-1452-CSB** |
| | ) | |
| | ) | |
| **LEONTA JACKSON,** ***et al.,*** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

**COLIN S. BRUCE, U.S. District Judge:**

Plaintiff Jamal Bracey, proceeding *pro se*, is an inmate with the Illinois Department of Corrections ("IDOC") who is being imprisoned at the Pontiac Correctional Center ("Pontiac"). The Court granted Plaintiff leave to proceed *in forma pauperis*, and the case is now before the Court for a merit review of his claims. Because he is a prisoner for purposes of the Prison Litigation Reform Act, the Court is required by 28 U.S.C. § 1915A to "screen" Plaintiff's Complaint and, through such process, to identify and dismiss any legally insufficient claim or the entire action, if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts

must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

Plaintiff alleges that he contracted COVID-19 in mid-September 2020. Plaintiff alleges that he contracted COVID-19 based upon the policies and/or the deliberate indifference of the named Defendants. Plaintiff seeks declaratory judgment and monetary damages as a result of Defendants' alleged violations of his Eighth Amendment right to be free from cruel and unusual punishment.

Plaintiff's Complaint is dismissed because he has filed this lawsuit under 42 U.S.C. § 1983 outside of the applicable statute of limitations period. For § 1983 claims, courts "borrow the statute of limitations and the tolling provisions from the state in which the claim arise." *Owens v. Lamb*, 2023 WL 3674666, * 3 (7th Cir. May 26, 2023) (citing *Ray v. Maher*, 662 F.3d 770, 772 (7th Cir. 2011). "In Illinois, the statute is two years . . . .") *Id*. at * 3. Accordingly, Plaintiff had until mid-September 2022 within which to file this case, but he did not do so until December 19, 2023, which is well beyond the applicable two-year deadline.

Generally, the failure to file a lawsuit within the applicable statute of limitations period is an affirmative defense that must be asserted and proven by a defendant. *Harper v. Jeffreys*, 2024 WL 51248, * 6 (S.D. Ill. Jan. 4, 2024). As such, the defendant bears the burden of proving that the plaintiff filed his lawsuit outside of the applicable statute of limitations period. *Chatman v. Board of Educ. of City of Chicago*, 5 F.4th 738, 745 (7th Cir. 2021). However, a district court may dismiss a plaintiff's complaint at the merit review stage of the case on statute of limitations grounds if the defense is obvious from the complaint. *Walker v. Thompson,* 288 F. 3d 1005, 1009 (7th Cir. 2002).

Here, it is obvious from the allegations that Plaintiff made in his Complaint that he filed this case too late. Plaintiff alleged that he contracted the coronavirus in 2020, but he did not file this case until 2023. Although waiting for the completion of the grievance process may toll this two-year statute of limitations, Plaintiff alleged in his Complaint that each stage of Illinois' grievance procedure was timely. Given this allegation and the time constraints established the IDOC's internal administrative remedies, it is clear that, whatever tolling occurred while Plaintiff exhausted his administrative remedies, is insufficient to save this case from dismissal based upon the applicable statute of limitations.

**IT IS, THEREFORE, ORDERED:**

**1. Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE because Plaintiff has filed this lawsuit in violation of the applicable statute of limitations. Fed. R. Civ. P. 12(b)(6); 28 U.S.C. § 1915A.**

**2. Accordingly, the Clerk of the Court is directed to enter judgment in Defendants' favor and against Plaintiff.**

**3. All other pending motions are denied as moot, and this case is closed. All deadlines and settings on the Court's calendar are vacated.**

**4. If he wishes to appeal this judgment, Plaintiff must file a notice of appeal with this Court within thirty (30) days of the entry of judgment. Fed. R. App. P. 4(a)(4).**

**5. If he wishes to proceed *in forma pauperis* on appeal, Plaintiff's motion for leave to appeal *in forma pauperis* must identify the issues that he will present on appeal to assist the Court in determining whether the appeal is taken in good faith.**

**Fed. R. App. P. 24(a)(1)(c);** ***Celske v. Edwards*****, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith.");** ***Walker v. O'Brien*****, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective).**

**6. If he chooses to appeal, Plaintiff will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.**

Entered this 16th day of January, 2024

s/ Colin S. Bruce
COLIN S. BRUCE
UNITED STATES DISTRICT JUDGE